FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 17 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
NOT FOR PUBLICATION

JUAN ACOSTA,

                     Plaintiff,

  -against-

Mr. ROBINSON (Ex-Chief of Personnel);
Mr. MAFIA (Head of Medical Department);
JOHN DOE (the Doctor); JAME DOE (the Nurse),

                     Defendants.
------------------------------------------------------------------x

MEMORANDUM
AND ORDER

12-CV-2287 (KAM) (LB)

MATSUMOTO, United States District Judge:

On April 17, 2012, plaintiff Juan Acosta ("plaintiff"), a federal prisoner then incarcerated at the Federal Correction Institution Herlong in California, commenced this *pro se* action in the United States District Court for the Southern District of New York against defendants Robinson, Mafia, Dr. John Doe and Nurse Jane Doe (collectively, "defendants"), pursuant to 42 U.S.C. § 1983 alleging that defendants violated his rights under the Eighth Amendment.[1] By Order dated May 7, 2012, the action was transferred to the Eastern District of New York because plaintiff alleged that the civil rights violations occurred while he was detained at the Queens Private Detention Facility in Queens County. Plaintiff seeks $6 million in damages. Compl. at 7, ¶ V. By Order dated May 17, 2012, Magistrate Judge Bloom granted plaintiff's request to proceed *in forma pauperis* and directed the United States Marshals Service to serve the summons and complaint.[2] For the reasons set forth

---

[1] According to records of the United States Bureau of Prisons, plaintiff is incarcerated at the Federal Correctional Institution in Seagoville, Texas as of the date of this Memorandum and Order.

[2] Service of process has not been successfully completed as to any of the defendants. *See* ECF Nos. 14-15.

below, plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), and, therefore, his motion to compel discovery, *see* ECF No. 13, is denied.

## Background

Plaintiff alleges that from January 15, 2010 to July 28, 2012, while incarcerated at the Queens Private Detention Facility, "due to staff deliberate indifference, their negligence resulted in me obtaining REYNOUD PHENOMENON." Compl. at 5, ¶ II. D (emphasis in original). Plaintiff further alleges that he "sustained discoloration (paleness), dark blue and red hands and nails, sensation of cold, sweat, numbness, sharp, burning, pins and needles pain in both hands," and "sharp pain" from his left foot and wrist through each limb. *Id.* ¶ III. Plaintiff alleges that when he arrived at the Queens Private Detention Facility in January 2010, he was in good health, but that he was exposed to sustained freezing temperatures in his cell, which prison officials failed to correct. Compl., Attachment A at 1. Plaintiff also alleges that his requests for medical attention went unheeded for five months until July 1, 2012, when he saw "the doctor, who diagnosed me of having Raynoud Phenomenon,"[3] but that he received no medical treatment for this condition. *Id.*

## Discussion

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[3] According to PubMed Health's website, "Raynaud's phenomenon is a condition in which cold temperatures or strong emotions cause blood vessel spasms that block blood flow to the fingers, toes, ears, and nose." http://www.ncbi.nlm.nih.gov/pubmedhealth/PMH0001449 (last visited 12/12/12).

2

Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

While *pro se* complaints must contain sufficient factual allegations to meet the plausibility standard, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the Court reviews such allegations by reading the complaint with "special solicitude" and interpreting the allegations to raise the "strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (*per curiam*); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). In addition, the Court should generally not dismiss a *pro se* complaint without granting the plaintiff leave to amend. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). However, leave to amend is not necessary when it would be futile. *See id.* Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if it: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A.   Eighth Amendment Claim

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against individual employees and former employees of the Queens Private Detention Facility, a privately run facility under contract with the United States Marshals Service. *See* http://www.geogroup.com/Maps/LocationDetails/13 (last visited 12/12/12). In order to maintain an action under § 1983, a plaintiff must allege two essential elements. First, that "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999) (explaining that § 1983 actions do not reach purely private conduct). Second, that "the conduct complained of must have deprived [him]

3

of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.*

In order to maintain an action against individuals acting under federal law, the complaint must be filed pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*"). "A plaintiff bringing a claim under *Bivens* must allege that he has been deprived of a constitutional right by a federal agent acting under color of federal authority." *Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006). Because § 1983 actions and *Bivens* actions "share the same 'practicalities of litigation,' federal courts have typically incorporated § 1983 law into *Bivens* actions." *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995) (internal citation omitted).

Here, however, neither § 1983 nor *Bivens* applies since the defendants are private parties. The fact that plaintiff is a prisoner and was detained at a detention facility under contract with an agency of the federal government does not render these individuals liable under *Bivens*. In *Correctional Services Corp. v. Malesko*, 534 U.S. 61 (2001), a federal prisoner sued the Correctional Services Corporation ("CSC"), a private corporation under contract with the Bureau of Prisons to house and detain federal prisoners and detainees, alleging that CSC employees forced him to climb stairs to his fifth floor cell even though he had a known heart condition and, as a result, the plaintiff suffered a heart attack, fell, and sustained injuries. *See id.* at 64. The United States Supreme Court refused to extend *Bivens* to apply to CSC. *Id.* at 63. Recently, the United States Supreme Court also refused to extend *Bivens* to apply to individual prison employees of a private detention facility. *Minneci v. Pollard*, 132 S.Ct. 617 (2012). On facts similar to the allegations in this case, the Supreme Court upheld the District Court's dismissal of the prisoner's case, finding that:

> [W]here, as here, a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls

4

> within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law. We cannot imply a *Bivens* remedy in such a case.

*Id.* at 626; *see also Ruiz v. Federal Bureau of Prisons*, 481 F. App'x 738, at *3 (3d Cir. 2012). Therefore, plaintiff cannot maintain either a § 1983 or a *Bivens* claim against defendants Robinson, Mafia, Dr. John Doe and Nurse Jane Doe as they are private parties not acting under state or federal law. The complaint is therefore dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

## Conclusion

In light of the above, plaintiff's complaint, filed *in forma pauperis*, is dismissed in its entirety for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). Accordingly, plaintiff's motion to compel is denied. *See* ECF No. 13. Any notice of appeal must be filed within thirty days after the entry of judgment. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is respectfully requested to enter judgment dismissing this action, serve a copy of this Memorandum and Order and Judgment on plaintiff and note service on the docket by December 20, 2012, and close this case.

SO ORDERED.

/S/
KIYO A. MATSUMOTO
United States District Judge

Dated: December 17, 2012
Brooklyn, New York

5